## WILLIAM H. GORDON,

*vs.*

## JUSTUS W. ACUFF.

*New Castle, Feb. T. 1871.*

Where, in a cause in partition, a mortgage, alleged in the petition to be a lien upon the entire land to be divided, was afterwards found to be a lien upon only so much thereof as under the return of the commissioners, was allotted to one tenant in common, and a small portion of the allotment to the other tenant in common, the greater part of whose allotment comprised that portion of the lands which had been released from the lien of the mortgage. *Held,* that the party, whose allotment included the portion which was free from the lien, was entitled to have the partition confirmed, upon paying his share of the mortgage.

The allotment to one tenant in common, of a right of way through the allotment of the other tenant in common, is not a ground for setting aside the return of the commissioners.

The proper method of proceeding to set aside the return of the commissioners in partition, is by a rule to show cause, founded on exceptions filed, supported by affidavit as to matters of fact.

PETITION FOR PARTITION.—The petition set forth the title to the lands held by the parties, as tenants in common, as derived from Joseph T. Sarchett, from whom, through two mesne conveyances, the respondent acquired an undivided equal half part, and through one mesne conveyance, the petitioner derived the other equal half part, of two tracts of land, containing three hundred and fifty, and one hundred and fifty acres respectively.

The petition further set forth "that the whole of said "lands and premises" were "subject to the lien and "incumbrance of a certain mortgage, executed by John "Barney (a former owner thereof) and Margaret, his wife"

then held by one David B. Nivin, bearing date the 23d, day of October, A. D. 1837, for $3,500, with interest. The petition was filed August 13th, 1870, and summons duly issued and returned *non, est inventus*; publication was thereupon made and on January 23d, 1871, a decree for partition was taken *pro confesso*, and a commission in partition was issued and returned to the February Term, 1871. The survey and return made by the commissioners described the tract as 481 A. 78 per., and made partition of the same into two parts, numbered one and two respectively, the first of which, containing 217 A, 21 per., was allotted to the petitioner. The allotment of No. 1 was made, in the return, subject to "the right of way in a road "twenty-five feet in width" duly located and stated to be "for the use of William H. Gordon, his heirs and assigns, "for the purpose of a farm road to the part assigned to "the said Gordon in this partition." To the description of No. 2, was added the specific allotment of "the right of "way for a farm road through and across lot No. 1, as- "signed to Justus W. Acuff, as hereinbefore described."

Upon the return of the commission, the petitioner's affidavit was filed, setting forth that the mortgage for $3500 given by John Barney, and held by David B. Nivin, was a lien upon the whole of the part allotted to the petitioner, and about 32 acres of the part allotted to the respondent; that the mortgage had been described in the petition as a lien upon the whole premises, but that the petitioner was not then aware that the lien thereof, upon all of the premises which had been allotted to the respondent, except the said thirty-two acres, had been released before the purchase by the petitioner of an interest in the lands. It was also stated that the petitioner had caused the true extent and effect of the lien to be made known to the commissioners, but that a majority of them had refused to consider the same in estimating the value of the lands embraced in the commission; and

that the partition was made without reference to the mortgage.

The affidavit further alleged that the petitioner was liable to have the whole of his share sold under the mortgage, and only a small portion of the allotment of the respondent would be so liable ; and that a suit for contribution would be tedious and expensive, and probably barren of result, since the existing liens given by the respondent were equal to the full value of his interest in the property.

The petition concluded with an averment "that the said division "is, in other respects, unequal and unjust."

Upon the filing of the affidavit, a motion was made, in behalf of the petitioner, that the partition made by the the commissioners be set aside.

It was shown by the witnesses examined, that the commissioners did not consider the mortgage.

*Spruance*, for the petitioner, representing, also, Alonzo Gordon, the holder of a subsequent mortgage on the respondent's undivided interest.

The omission to state the mortgage correctly in the petition was not *laches*, because of ignorance of the release. An examination of the record of the mortgage shows no entry of the release.

The Court is bound to see that the partition does substantial justice, not only with respect to what appears upon the record, but upon any considerations brought to its knowledge.

The mortgage diminishes *pro tanto* the value of the land, and the division must be made with respect to quantity and value of each part, *Alln. on Partition*, 50. The language of our statute is, a "just and fair proportion."

Upon the question how the commissioners are to

9—DEL. CH. IV.

proceed where different parts are differently affected by incumbrances, there seems to be no authority, but in the analogous case when the estates differ, as part in fee and part in tail, the parties are entitled to a division of each. *Alln. on Part.* 52 ; *Co. Litt*, 173, *a.*

The effect of confirmation would be to withdraw from the subsequent mortgage given by Acuff, on his undivided share, all the allotment to Gordon, and leave it only on the allotment to Acuff, subject to the mortgage of Nivin. *Alln. on Part.* 149. As Acuff cannot do any thing to prejudice his mortgage to Alonzo Gordon, it would be inequitable to permit him to insist upon a confirmation having that effect.

Another objection to the return is, that the Commissioners had no right to allot one share with a right of way over the other part.

The Court has no power in this statutory proceeding to order or decree payment or removal of the liens. It may, upon facts disclosed, rendering a partition int his proceeding inequitable, refuse to proceed and remit the parties to their bill. The true course is, to set aside the partition, permit amendment of the petition, and decree and direct a separate division of the parcels.

*G. B. Rodney*, for the respondent.

To set aside the return requires some irregularity in the proceedings of the commissioners ; and we cannot go behind the commission and return, to decide this. With respect to the mortgage, the commissioners could not go behind the order, which to them, was the law.

I admit that the Court can *suspend* confirmation until these difficulties are removed ; and the respondent is ready to bear his share of the Nivin mortgage and to pay the Gordon mortgage.

We object to setting aside the return and think that, under the tenth section of our act, the Court has power to give any effectual direction touching the interests of the parties. *Alln. on Part.* 98 ; *Agar v. Fairfax*, 17 *Ves.*, 552.

THE CHANCELLOR intimated his opinion that the ground taken with respect to the mortgage was insufficient of itself to set aside the return, the respondent claiming, and being entitled to the privilege of removing the liens ; and the matter being within the control of the Court to require this to be done, so as to adjust the payment of the lien equitably as between the parties, before confirmation. Upon the suggestion of the Court, however, the argument was resumed upon the question whether the commissioners had authority to lay out a right of way.

*Spruance*, for the petitioner.

The English proceeding is so different as to afford no aid in the consideration of the pending question. The most extended jurisdiction there is by bill, under which the Court has all the power afforded by its process and power over the parties. The present jurisdiction is statutory and limited. Under it, the Court has not the powers incident to its general jurisdiction. It contemplates partition simply and alone ; originally, nothing else ; subsequently, the provision for a sale was superadded to meet the case of lands not susceptible of partition ; but the partition, if made, must be upon the same principles as originally. The power to do more than to divide—to subject the share of one to any incumbrance or easement —is not derived from the commission, nor from the decree, nor from any provision of the statute, nor, indeed, from any policy of the statute ; for that contemplates as its very object, separation, full and complete.

The impossibility of division without a way, is within the purview of the statute in providing for a sale, and

should be treated as one of the cases contemplated. The policy of our law does not discourage sales of real estate, as in England. Our provision for sale is intended as a substitute for the powers exercised under an English bill for partition. The principle of the partition is, that the share allotted shall be held by the same title, and in the same manner as the undivided share, and each tenant in common has a right to fee simple in whatever is laid off to him ; not to a fee simple in part and an easement in another part.

With respect to precedents in the Orphans' Court referred to, these cases are generally *ex parte*. The proceedings are without objection. A confirmation of course, not being decisive upon questions raised, is not a precedent of authority, at least for cases in Chancery, which are *inter partes*.

With respect to the user of the road, the testimony was, that the greater part was old, but part was new ; and this is shown by the plot of the commissioners, who shift the line of division between the two parts and lengthen the road.

*G. B. Rodney*, for the respondent.

The question presented involves the consideration of the powers of the commissioners for the purposes of the partition.

Different modes of partition are recognized, one of which has been adverted to, viz., successive enjoyments ; and another is an unequal division with owelty charged on a larger share. *Alln. on Part.* 154,214. If the Commissioners can do that, they can, on principle, do this The charge of a right of way is similar to owelty of partition. The present right of way is to be treated as a charge for equalizing partitions ; the presumption is in favor of partition. That is the foundation of the proceed-

ing, *prima facie* that is sought to be obtained, if at all practicable, by any means. There are precedents in the Orphans' Court of assignments with right of way, yet the intestate law is no broader than this. *Est. of Susan Patterson* (1820,) *O. C. Record N., p.* 12 ; *Est. of Philip Gross* (1823,) *O. C. Record N., p.* 256. In the latter case, an allotment was made to Allen Gross of No. 3, with road through the allotment of Joseph Gross, and the easement is referred to in the allotment to Joseph Gross. The return was confirmed.

This is not a new road, but an old, long established one along the river, and a necessary outlet to the public road. It is the only access from the public road to the house upon the allotment to the respondent. The return merely leaves the road, with all rights attaching to it as before.

THE CHANCELLOR :—

No questions are presented for the consideration of the Court, except such as arise out of the two objections considered.

1. The effect of the liens, 2. The right of way.

The latter is not made a subject of exception in the petitioners affidavit, but was objected in argument, and taken notice of because the question is one of defect of authority apparent on the record.

The former is, therefore, the only matter of exception, properly speaking, brought to the notice of the Court.

I am still of the opinion, intimated at the close of the argument upon that branch of the case, that it is not a sufficient ground upon which to set aside the return. The respondent claims the right to have the partition stand, upon his paying his share of the paramount lien for which both the tenants in common were equally liable. If the partition is such as should otherwise stand,

the respondent is entitled to remove the liens and have it confirmed.

Upon this point, I should add, that the reliance of counsel upon an application to the Court, and his omission to appear before the commission, was the only course to be taken, and has not prejudiced him. For relief was not at all before the commissioners, but before the Court, and, if here it has become subject to the privilege of the respondent to remove the liens, that is a consequence which counsel could, by no possibility, have avoided.

Upon full consideration of the objection made, that the commissioners exceeded their powers in laying out and allotting a right of way, I am of opinion that the objection is not well founded in law.

No other ground of objection is before the Court. The concluding clause of the affidavit alleges that the said division is in "other respects unequal and unjust."

It is clear, and, indeed, is so stated by counsel, that there was absolute reliance upon the liens as a ground for setting aside the partition.

The present proceeding is not in the proper form for taking exceptions to the return, which should be by application for a rule to show cause, founded upon exceptions filed, supported by affidavit as to matters of fact. There are two reasons for this practice.

1. It gives proper notice as between the parties. 2. It is the only mode of securing an appeal.

In the present case, in view of the surprise which seems to have been the result of the reliance of counsel upon the effect of the liens, I shall allow exceptions to be filed, and will hear an application for a rule to shew cause. At the same time, I shall require the case to be proceeded with forthwith, in order that no inconvenience may result from further delay.

Subsequently, the plaintiff's second affidavit was filed, together with his formal exceptions, setting forth in detail, the objections taken to the partition made by the commissioners, including those which had been passed upon by the Court and sundry others, raising only questions of fact.

Thereupon, a motion was made for a rule to shew cause why the return should not be set aside. The argument upon this application related only to the sufficiency of the affidavit and exceptions, so far as they alleged matters of fact, unconnected with the points of objection previously considered.

The rule to shew cause was issued, and upon the return of the rule, witnesses were heard, and the questions of fact involved were considered.

At this hearing, the respondent's counsel produced and filed, in the cause, the receipt of the holder of the mortgage, subject to which the tenants in common held their title, for one half the amount due thereon for principal and interest, the same having been paid by the respondent.

THE CHANCELLOR :—

The first and second exceptions are founded upon the mortgage lien. It appears by the receipt filed in the cause, that the respondent has, since the exceptions were filed, paid an equal half part of the mortgage money, debt and interest. There remains unpaid, therefore, of the mortgage as a lien on the part allotted to the petitioner, only so much thereof as he is in equity and good conscience bound to pay by reason of his tenancy in common of the premises bound by the mortgage. These exceptions are, therefore, disallowed.

The third exception, which relates to the assignment of the right of way, has already been determined to be insufficient in law, and is, therefore, disallowed.

All the other exceptions are unsustained by the proof and are, therefore, disallowed.

The costs incurred by reason of the first three exceptions will follow the costs of the cause, and the costs incurred by reason of all the other exceptions must be paid by the petitioner.

The rule to shew cause was discharged, and the partition made by the commissioners was confirmed.